■ RAYMOND M. GIBBONS, JR., et al., Appellants, v CITY OF BUFFALO ZONING BOARD OF APPEALS et al., Respondents. — Judgment unanimously reversed, with costs, and petition granted. Memorandum: The City of Buffalo Zoning Board of Appeals was without power to authorize the use of a portion of residential premises as a 10-feet-wide by 145-feet-long truck access driveway to loading docks situated at the rear of an abutting commercial premises. While "hardship" was assigned as the reason for the appeal to the zoning board, which granted what it termed a "variance" because of hardship and practical difficulties, no attempt is made on this appeal to justify the zoning board's action as the grant of a use variance. Indeed, its attorney contends that the "hardship" test should not be applied, and applicant's attorney describes the zoning board's action as the grant of a "Special Use Permit". In any event, we hold that the applicant for the driveway use did not submit sufficient proof to the zoning board to establish hardship and the record is insufficient to sustain any such finding (see *Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598). Further, a special exception permit may be granted

only where authorization is found in the zoning ordinance (2 Anderson, New York Zoning Law and Practice [2d ed], § 19.04). No provision of the City of Buffalo Zoning Ordinance, which empowers the zoning board to hear and decide applications for enumerated special exceptions, authorizes it to permit truck access to commercial property through residential property. (Appeal from judgment of Erie Supreme Court, Kramer, J. — art 78.) Present — Simons, J. P., Hancock, Jr., Denman, Moule and Schnepp, JJ.